James T. **REED**, Plaintiff–Appellant

v.

Carol **SWILLEY**, In Her Individual and Official Capacity; Karen Rowzee, In Her Individual and Official Capacity; Sarah Ratcliff, In Her Individual and Official Capacity, Defendants–Appellees.

No. 07–60158
Conference Calendar.

United States Court of Appeals, Fifth Circuit.

Feb. 20, 2008.

James Reed, Woodville, MS, pro se.

---

Before KING, WIENER, and ELROD, Circuit Judges.

PER CURIAM: *

James T. Reed, Mississippi prisoner # 08798, appeals the district court's dismissal with prejudice of his 42 U.S.C. § 1983 complaint for lack of jurisdiction. In his complaint, Reed sought the production of documents related to the grand jury proceedings which led to his indictment, conviction, and subsequent life sentence for armed robbery.

Because Reed essentially sought federal district court review of the Mississippi state court's denial of his petition for writ of mandamus, the district court did not err in dismissing the complaint for lack of jurisdiction under the *Rooker/Feldman*[1] doctrine. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005); *Liedtke v. State Bar of Tex.*, 18 F.3d 315, 317 (5th Cir.1994).

This appeal is without arguable merit and is therefore dismissed as frivolous. *See Howard v. King*, 707 F.2d 215, 219–20 (5th Cir.1983); 5TH CIR. R. 42.2. This dismissal of the instant appeal counts as a strike for purposes of 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387 (5th Cir.1996). Reed is cautioned that if he accumulates three strikes, he will not be permitted to proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).

APPEAL DISMISSED; SANCTION WARNING ISSUED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415, 44 S.Ct. 149, 68 L.Ed. 362 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983).